UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENNIS FRANCIS FARLEY,

    Plaintiff,

v.

CAROLINE COLVIN,

    Defendant.

Case No. 16-cv-00656-VC

**ORDER REQUESTING SUPPLEMENTAL BRIEFING**

Having reviewed the parties' cross-motions for summary judgment, the Court intends to raise several issues sua sponte. *See Sims v. Apfel*, 530 U.S. 103, 112 (2000). The defendant is therefore ordered to file a supplemental brief addressing the following by no later than Wednesday, November 2, 2016, at 10:00 a.m.:

1. Whether the ALJ erred in failing to evaluate Farley under step three for a listed disability of nonconvulsive epilepsy (11.03). *See* A.R. 78-79; A.R. Ex. 19F, 20F, 26F.

2. Whether the ALJ erred in describing Farley's seizures as occurring only once every two to three weeks, despite Dr. Gansaeuer's conclusion that they occurred more frequently than Farley had self-reported. *See* A.R. Ex. 19F, 20F.

3. Whether the ALJ erred in according "little weight" to Dr. Gansaeuer's conclusion that Farley's epilepsy didn't allow him to work – a decision the ALJ appears to have made after misquoting Dr. Gansaeuer's March 2012 notes. *See* A.R. Ex. 20F.

4. Whether the ALJ erred in interpreting Dr. Gansaeuer's December 2011 report as supporting Farley's residual ability to work, despite the report's apparent consistency with Dr. Gansaeuer's note in March 2012 that Farley was incapable of work of any kind. *See* A.R. Ex.

19F, 20F.

5. Whether the ALJ erred in according "little weight" to Dr. Adornato's medical report based on its inconsistency with "the evidence of record," despite its apparent similarity to Dr. Gansaeuer's reports.  *Compare* A.R. Ex. 26F *with* A.R. Ex. 19F, 20F.

6. Whether the ALJ erred in according "little weight" to Dr. Forman's evaluation and discounting the possibility of deterioration or decompensation, despite the evaluation's apparent consistency with Farley's postictal symptoms.  *See* A.R. Ex. 17F.

7. Whether the ALJ erred in treating Dr. Golon's testimony as inconsistent and therefore entitled to "little weight," apparently based on Dr. Golon's conclusion that Farley met the B criteria in August 2011 and not March 2011.  *See* A.R. 37, 76-77; A.R. Ex. 8F, 17F.

8. Whether the ALJ erred in according "little weight" to Dr. Dixit's evaluation despite its apparent consistency with other evaluations and medical notes.  *See* A.R. Ex. 21F.

9. Whether the ALJ adequately supported his conclusion that Farley had exaggerated his symptoms and that Farley's limited daily activities were a "lifestyle choice."  A.R. 23.

The defendant's supplemental brief should also address whether an immediate award would be appropriate, rather than a remand for reconsideration, if the Court concludes any of these errors have occurred.

Additional briefing from Farley's counsel is not required.

**IT IS SO ORDERED.**

Dated:  October 28, 2016

_____
VINCE CHHABRIA
United States District Judge